UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEYDOUN FOODS, INC.,

    Plaintiff/Counter-Defendant,

vs.

Case No. 12-CV-12558
HON. GEORGE CARAM STEEH

7-ELEVEN, INC.,

    Defendant/Counter-Plaintiff.
_____/

ORDER GRANTING DEFENDANT/COUNTER-PLAINTIFF'S MOTION TO DISMISS AND FOR DEFAULT JUDGMENT [DOC. 34], GRANTING PLAINTIFF'S COUNSEL'S ORAL MOTION TO WITHDRAW, AND SETTING HEARING TO ASSESS DAMAGES

    This matter came before the court on 7-Eleven's motion to dismiss plaintiff's complaint and for entry of default judgment on 7-Eleven's counter-complaint due to Beydoun Foods' continuing violation of this court's discovery orders.  Counsel for the parties appeared before the court for oral argument on March 5, 2014.  At that time, counsel for Beydoun Foods, Thomas Stidham, made an oral motion to withdraw as counsel.

    On the matter of his motion to withdraw as counsel, Mr. Stidham informed the court that his client, Beydoun Foods, discharged him, and there has been no communication between attorney and client for a month.  Mr. Stidham represented to the court that Beydoun Foods knew about today's hearing but did not attend.  Counsel for 7-Eleven does not oppose the motion to withdraw.  For the reasons stated on the record, the court GRANTS Mr. Stidham's motion to withdraw as counsel for Beydoun Foods.

The court next heard argument from both parties regarding the granting of discovery sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2). Beydoun Foods was twice ordered by this court to produce documents and twice failed to comply. The court previously found that 7-Eleven has been prejudiced by Beydoun Foods' failure to provide discovery. Beydoun Foods' explanations as to why it was not able to produce the discovery requested by 7-Eleven, and why 7-Eleven has not suffered prejudice, are untimely, as the time for seeking relief from the Orders to Compel were when those orders were issued in March and October of 2013. The court finds that there has been a complete failure on the part of Beydoun Foods to comply with court orders, discovery obligations, and the scheduling order entered in this case. Now, therefore, pursuant to Rule 37(b)(2)(A)(v) and (vi), 7-Eleven's motion to dismiss the complaint with prejudice and motion for entry of default on the counterclaim are GRANTED.

Mr. Stidham is directed to effect service of this Order on Beydoun Foods by regular mail and certified mail.

A hearing to determine damages to be assessed against Beydoun Foods on 7-Eleven's counterclaim will be held before the court on **March 19, 2014 at 10:30 a.m.**

SO ORDERED.

Dated: March 6, 2014

                                            s/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 6, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk